48 F.3d 1227
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Candace CARBY, et al., Plaintiffs-Appellees,
v.
COUNTY OF BUTTE; Dale Wyrauch, Sheriff; Ron Barris,
Sheriff, Defendants-Appellants.
 No. 93-16457.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 15, 1994.
Decided Feb. 22, 1995.
 
 Before: SKOPIL, NORRIS, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Deputy Sheriffs Dale Wyrauch and Ron Barris appeal the district court's denial of their qualified immunity claim and the court's ruling that certain documents offered in connection with their summary judgment motion were inadmissible hearsay. We affirm.
 
 I.
 
 3
 Where material issues of fact prevent a determination of qualified immunity at the summary judgment stage, the case must proceed to trial. Act Up!/ Portland v. Bagley, 988 F.2d 868, 873 (9th Cir.1993). Although not an exhaustive list, our review of the record reveals a number of issues of fact relevant to the Carbys' basic claim--i.e., that the deputies used excessive force in creating the situation which caused Mr. Carby to react the way he did.
 
 
 4
 The evidence, as it pertains to the behavior of Carby and the officers upon their entry into Carby's bedroom, is contradicted. Officer Wyrauch indicated that he attempted to apply a control hold on Carby's forearm, but that Carby broke free and made a fist as if he were going to hit Wyrauch. This gesture allegedly precipitated the baton blows. Officer Barris' testimony, however, conflicts sharply with Wyrauch's account. According to Barris, Carby made no threatening gesture toward Wyrauch before being struck by the baton. [Deposition of Ron Barris at 55-56, 84-85]
 
 
 5
 According to the deputies, Carby verbally threatened them and was consistently belligerent and uncooperative in their efforts to investigate the reported shooting. Mrs. Carby testified, however, that her husband was cooperative and stood up when asked to do so, saying "Okay, let's talk." [Deposition of Candace Carby at 30] Only seconds later, there was the sound of gunfire and shattering glass. [Deposition of Candace Carby at 31]
 
 
 6
 This evidence, if credited, could lead a rational jury to conclude that striking Carby with a baton and pushing him face first into the bed was unreasonable given that he had done nothing to physically threaten the officers and had, at one point, even expressed a willingness to cooperate.
 
 
 7
 Similarly, the evidence offered by defendants in support of their contention that there was probable cause to arrest Carby is contradicted. The record makes abundantly clear that Wyrauch and Barris were attempting to arrest Carby for interfering with a police officer. [Deposition of Dale Wyrauch at 45; ER-28, para. 17 at 6; ER 26, paras. 8-9 at 3-4]
 
 
 8
 Candace Carby testified that she heard one of the officers say, "Either get up and talk to us or we're going to have to arrest you for resisting arrest." [Deposition of Candace Carby at 29] To that her husband responded, "Get the light out of my eyes and I'll talk to you all you want" and "Okay, let's talk." [Deposition of Candace Carby at 30] In addition, Dawn Carby testified in her deposition that when the officers asked her father for identification, she heard him "turn over, like to the side of the bed like he was going to get some I.D." and that he said, "Well, like what kind of I.D. do you want?" [Deposition of Dawn Carby at 26]
 
 
 9
 If believed by the factfinder, this evidence could establish that no reasonable officer would believe that there was probable cause to arrest Carby for resisting arrest.
 
 II.
 
 10
 Appellants next contend that the magistrate judge erred in ruling inadmissible certain portions of the California Department of Justice Report ("DOJ Report") on the shooting in spite of the fact that they were authenticated by the declaration of Special Agent Ronald Eicher.
 
 
 11
 Federal Rule of Evidence 803(8)(c) provides that in civil actions and proceedings, a court should admit "[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies setting forth ... factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate a lack of trustworthiness." Plaintiffs failed to challenge the reports and the accompanying declaration as untrustworthy even though they bore the burden of doing so. See Montiel v. City of Los Angeles, 2 F.3d 335, 341 (9th Cir.1993).
 
 
 12
 Although the court erred in excluding the DOJ Report, the error was harmless. Even if it had been admitted in connection with defendants' summary judgment motion, the evidence would not have even slightly undermined the significance of the material issues of fact, outlined above. The evidence would not tend to make the officers' use of force any more reasonable given that they could not have known about the evidence at the time they acted.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3